UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HERBERT BROWN,**<br><br>Petitioner,<br><br>v.<br><br>**THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al.,**<br><br>Respondents. | Civil Action No. 18-12132 (MCA)<br><br>MEMORANDUM OPINION |

This matter having been opened to the Court by Petitioner's filing of a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons explained below, the Court finds that the Petition is untimely and that Petitioner is not entitled to equitable tolling. The Court therefore dismisses the Petition as untimely and denies a certificate of appealability.

I.  RELEVANT BACKGROUND

Petitioner was charged in Passaic County Indictment No. 06-06-0673-I with the following offenses arising out of three armed robberies committed on December 23, 26, and 27, 2005: three counts of armed robbery, in violation of N.J.S.A. 2C:15-1 (counts one, seven, and twelve); five counts of fourth-degree aggravated assault, pointing a firearm, in violation of N.J.S.A. 2C:12-1b(4) (counts two, three, eight, thirteen, and fourteen); three counts of second-degree possession of a weapon for unlawful purpose, in violation of N.J.S.A. 2C:39-4 (counts four, nine, and fifteen); four counts of third-degree unlawful possession of a weapon, in violation of N.J.S.A. 2C:39-5b (counts five, ten, sixteen, and eighteen); four counts of second-degree certain persons not to have weapons, in violation of N.J.S.A. 2C:39-7b (counts six, eleven, seventeen, and twenty-one); third-

degree receiving stolen property, in violation of N.J.S.A. 2C:20-7 (count nineteen); fourth-degree resisting arrest, in violation of N.J.S.A. 2C:29-2a(3) (count twenty); and third-degree hindering apprehension, in violation of N.J.S.A. 2C:29-3b(4) (count twenty-two). (ECF No. 6-3 at 2-3.)

A jury trial commenced on March 7, 2007, and concluded on March 13, 2007. Count three was dismissed on Petitioner's motion and the jury returned a guilty verdict on the remaining counts. (*See* ECF No. 12-13 at 2-3.) The Court sentenced Petitioner on June 8, 2007, to an aggregate overall term of 41 years with a parole ineligibility period as follows: On count one (the December 23 robbery), the court imposed an 18 year term with an 85% period of parole ineligibility. On count seven (the December 26 robbery), the court imposed an 18 year term with an 85% parole ineligibility period, to run consecutively. (*Id.* at 3-4.)

On July 27, 2010, the Appellate Division affirmed Petitioner's convictions but remanded for resentencing on the consecutive sentence imposed on count seven. (*Id.* at 14). The Supreme Court denied the petition for certification on November 9, 2010. (ECF No. 12-16).

The trial court re-sentenced Petitioner on October 15, 2010, modifying the consecutive term previously imposed to a concurrent term, and entered an amended JOC. (ECF No. 12-8, 12-14.) Petitioner filed a Notice of Appeal on May 26, 2011. (ECF No. 12-17.) Following argument before the Excessive Sentencing Oral Argument (ESOA) panel, the matter was remanded again to the trial court to amend Petitioner's JOC to reflect the merger of Count 4 into Count 1, Count 9 into Count 7, and Count 15 into Count 12. (ECF No. 12-18). On November 23, 2011, the trial court entered a second amended JOC. (ECF No. 12-19.) The record submitted by Respondents also includes third amended JOC, which is dated February 11, 2013. (ECF No. 12-20.) According to Respondents, "this judgment was entered to reflect a re-sentence in connection with [P]etitioner's motion for reconsideration of sentence as to count six," and Petitioner did not appeal

this resentencing.[1]  Respondents do not provide any additional information about the third amended JOC.

Petitioner's PCR is dated June 10, 2013, and was stamped received on July 18, 2013.  (ECF No. 12-21 at 1, 5.)  Petitioner's counsel filed a brief raising ineffective assistance of counsel and appellate counsel claims.  (ECF No. 12-22.)

After oral argument, the PCR court issued a written decision on January 26, 2016, finding that the petition was time-barred under N.J. Ct. R. 3:22-12 and also without merit.  (ECF No. 12-24.)  New Jersey Court Rule 3:22-12 requires a defendant to file his PCR within five years of his initial sentencing unless the petition alleges specific facts showing excusable neglect.  *See id.*  Although the PCR court also addressed the merits, it found that Petitioner failed to set forth any facts to explain the delay and could not avoid the procedural bar.  (*Id.* at 6.)  Petitioner's certification and brief in his PCR proceedings do not provide specific facts explaining why he did not file his PCR petition within the five-year period.  (*See* ECF Nos. 12-22, 12-23.)

On July 29, 2016, Petitioner filed a late notice of appeal.  (ECF No. 12-25.)  The record shows that the Appellate Division granted Petitioner's notice of appeal as within time on August 22, 2016.  (*See* ECF No. 12-26 at 9.)  On appeal, Petitioner argued that he established excusable neglect because his late filing was caused by his counsel's (and the court's) failure to inform him of the deadline for filing a PCR petition.  (ECF No. 12-25 at 18-24.)  Petitioner acknowledged that the five-year limitations period began to run from his initial sentencing date but emphasized that

---

[1] Respondents contend that the third amended JOC is not the operative JOC for determining finality because Petitioner did not appeal this resentencing.  They further argue that the one-year limitations period expired prior to Petitioner's filing of his PCR on July 18, 2013.  The Court need not resolve this issue because the Appellate Division rejected Petitioner's PCR as untimely, and he is not entitled to statutory tolling for any of the time his PCR was pending in state court.

he had been resentenced several times, and that neither the court nor his counsel advised him about the time frame for filing PCR petition. (*Id.*)

On April 4, 2017, the Appellate Division affirmed the PCR court in a sua sponte Order. (ECF No. 12-28.) The Appellate Division explicitly rejected Petitioner's argument that his claims were not untimely under N.J. Ct. R. 3:22-12. (*Id.* at 2-3.) On August 21, 2017, Petitioner filed a petition for certification, which the Supreme Court of New Jersey denied on February 6, 2018. (ECF Nos. 12-29, 12-31.)

Petitioner filed the instant habeas on July 26, 2018. The Court issued an Order to Show Cause on timeliness but reserved on timeliness after Petitioner filed a response. (ECF Nos. 2-4.)

Respondents moved to dismiss the Petition as untimely under 28 U.S.C. 2244(d)(1) of The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub. L. No. 104-132, tit. I, § 101 (1996) ("AEDPA"). The Court denied without prejudice the motion to dismiss because the record was incomplete, and directed Respondents to file a full answer with the record. (ECF No. 8.) The Court entered a second order to answer because Respondents failed to respond. (ECF No. 9.) Respondents subsequently filed their full Answer, arguing, among other things, that the Petition is untimely. (ECF No. 12.) Petitioner did not file a reply brief, but the Court considers his prior arguments in support of equitable tolling.

**II.     TIMELINESS ANALYSIS**

Under AEDPA, Congress prescribed a one-year period of limitation for the filing of federal habeas corpus petitions by state prisoners. *See Douglas v. Horn*, 359 F.3d 257, 261 (2004); 28 U.S.C. § 2241(d)(1). Pursuant to 28 U.S.C. § 2244(d)(1), [t]he limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

"[T]he statute of limitations set out in § 2244(d)(1) should be applied on a claim-by-claim basis." *Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004). In the typical case, the AEDPA limitations period is calculated from the date on which his judgment of conviction became final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Under § 2254(d)(1)(A), the conclusion of direct review occurs when the Supreme Court of the United States affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari; where a prisoner chooses not to seek a writ of certiorari, then the conviction becomes final when the time for filing a certiorari petition expires. *See Jimenez v. Quarterman*, 555 U.S. 113, 119, (2009) (applying this principle to petitioner filed under § 2254).

From the outset, it is not clear when Petitioner's conviction and sentence became final.[2] Respondents argue that the operative JOC for calculating timeliness is the second amended JOC, dated November 23, 2011. The Court, however, assumes without deciding that the third amended

---

[2] There is a 20-day period for filing a petition for certification from a final order in the Appellate Division. *See* N.J. Court Rule 2:12-3(a). Although this time period is not dispositive, the Third Circuit has held that the limitations period does not begin to run until the period for filing a timely appeal expires. *See Thompson v. Administrator New Jersey State Prison*, 701 F. App'x 118, 123 (3d Cir. 2017) (explaining same).

JOC, dated February 11, 2013, amounts to a new judgment in calculating the timeliness of his federal habeas petition. *See, e.g., Romansky v. Superintendent Greene SCI*, 933 F.3d 293, 300-01 (3d Cir. 2019) (analyzing when a resentencing results in a new judgment as to every count of a conviction or only some counts of a conviction); *Lesko v. Sec'y Pa. Dep't of Corr.*, 34 F.4th 211, 224–25 (3d Cir. 2022) (explaining that "both a conviction and sentence are necessary to authorize a prisoner's confinement" and create a judgment for the purposes of a § 2254 petition). Therefore, petitioner's conviction and sentence became final with the time to appeal the third amended JOC expired. *See Burton v. Stewart*, 549 U.S. 147, 156–57 (2007) (judgment becomes final when time for challenging conviction and sentence expires). As explained below, this assumption does not save the Petition from being untimely.

The Court next addresses whether Petitioner is entitled to statutory tolling for the time his first PCR petition was pending in state court. Under 28 U.S.C. 2241(d)(2),"[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." This exception to the one-year limitation period is known as statutory tolling. *See Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003). An application for post-conviction relief is considered "pending" within the meaning of § 2244(d)(2) during the period between a lower state court's ruling and the period a petitioner has to seek review of the decision, whether or not the appeal was actually sought. *Swartz v. Meyers*, 204 F.3d 417, 424 (3d Cir. 2000). However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one-year state of limitations under 28 U.S.C. § 2244(d)(2)." *Stokes v. D.A. of the County of Phila.*, 247 F.3d 539, 542 (3d Cir. 2001).

To fall within the AEDPA tolling provision, the petition for state post-conviction review must have been both pending and "properly filed." *Fahy v. Horn*, 240 F.3d 239, 243 (3d Cir.), *cert. denied*, *Horn v. Fahy*, 534 U.S. 944 (2001). As explained by the Third Circuit in *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85–86 (3d Cir. 2013),

> if a state court determines that an application is untimely, "'that [is] the end of the matter' for purposes of" statutory tolling of AEDPA's limitation period, [*Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005)] (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)), "regardless of whether [the state court] also addressed the merits of the claim, or whether [the state court's] timeliness ruling was 'entangled' with the merits[,]" *Carey*, 536 U.S. at 226.

Thus, it is well established that a petition for state post-conviction relief that was rejected by the state courts as untimely is not "properly filed" under § 2244(d)(2). *See Pace*, 544 U.S. at 414 ("When a postconviction relief petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)") (internal quotation marks and citation omitted).

Here, the Appellate Division affirmed the dismissal of Petitioner's PCR petition as time barred, and the New Jersey Supreme Court denied certification. Therefore, Petitioner is not entitled to statutory tolling for the period between July 18, 2013, when he filed his PCR petition, and February 6, 2018, when the New Jersey Supreme denied certification. The Petition is therefore untimely.

Although the Petition is untimely, the one-year limitations period is subject to equitable tolling. *See Miller v. New Jersey State Dept. of Corrections,* 145 F.3d 616, 619 (3d Cir. 1998); *see also Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013) (citing *Holland v. Florida*, 560 U.S. 631, 645 (2010)). Equitable tolling applies when a petitioner has been prevented in "some extraordinary way" from timely filing and has "exercised reasonable diligence" in bringing the claims. *Nara v. Frank*, 264 F.3d 310, 319 (3d Cir. 2001), overruled in part on other grounds by *Carey v. Saffold*, 536 U.S. 214 (2002). The petitioner bears the burden of establishing both

extraordinary circumstances and reasonable diligence. *See Pace*, 544 U.S. at 418. There are no bright lines for determining eligibility. *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). Although this equitable doctrine is used sparingly, the assessment is flexible and the particular circumstances of the petitioner must be taken in to account. *Id.*

Petitioner did not file a reply to Respondents' full Answer, in which they re-raise timeliness, but he provided arguments in support of equitable tolling in response to the Court's Order to Show Cause. (ECF Nos. 2-3.) Petitioner argues that his appellate attorney told him in a letter dated December 24, 2008, that she would explain how Petitioner could file a motion for post-conviction relief if his appeal was not successful, but she failed to do so. Petitioner contends that he would have filed his PCR petition on time if his appellate attorney "would had done her job." (ECF No. 3 at 6.) Petitioner also states that he did not know that he needed to file his PCR petition within five years of his sentencing and did not know he only had one year to file a habeas petition. (*Id.* at 6-7.) Petitioner also states that his attorneys did not assist him, and he relied on the help of other inmates. (*Id.*)

Petitioner has not shown extraordinary circumstances sufficient to justify equitable tolling. The United State Supreme Court has held that attorney abandonment may amount to an extraordinary circumstance. *See Holland*, 560 U.S. at 652-53 (finding extraordinary circumstances that went beyond "garden variety" or "excusable neglect" where the petitioner's counsel failed to file the petitioner's federal petition on time despite the petitioner's many letters urging him to do so, failed to conduct research necessary to find out the proper filing date, ignored the petitioner's pleas for information about his case, and failed to communicate with his client over a period of years). The Third Circuit has also "recognized that in some cases an attorney's malfeasance, when combined with reasonable diligence on the part of the petitioner in pursuit of his rights, may

warrant equitable tolling of the statute of limitations." *Ross*, 712 F.3d at 800.  Here, however, the facts show that Petitioner's attorney may have neglected to tell him when to file his PCR petition, but she did not abandon him or act with malfeasance.

Moreover, Petitioner has not shown that he acted with reasonable diligence.  To satisfy the diligence prong, a petitioner must demonstrate that he has been pursuing his rights with "reasonable diligence in the circumstances." *Wilson v. Beard*, 426 F.3d 653, 660 (3d Cir. 2005) (quoting *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004)); *accord Holland*, 560 U.S. at 653.  Determining whether a petitioner has exercised "reasonable diligence" is a "fact-specific" inquiry and, again, "depends on the circumstances faced by the particular petitioner."  *Munchinski v. Wilson*, 694 F.3d 308, 331 (3d Cir. 2012); *see also Wilson*, 426 F.3d at 661.  A petitioner need not have acted with "maximum feasible diligence," *Munchinski*, 694 F.3d at 331 (quoting *Holland*, 560 U.S. at 653), but he also cannot have been "sleeping on his rights," *id.* (quoting *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010)).  This "reasonable diligence" requirement applies not only to a petitioner's filing for federal habeas relief, but it also extends to the steps that the petitioner takes to exhaust available state court remedies.  *See Martin v. Administrator New Jersey State Prison*, 23 F.4th 261, 273 (3d Cir. 2022) (citing *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005)).  Although courts do not "expect Herculean efforts on the part of" a petitioner in exercising "reasonable diligence," a "lack of legal knowledge or legal training does not alone justify equitable tolling." *Ross*, 712 F.3d at 799-800, 802; *see Sch. Dist. of Allentown v. Marshall*, 657 F.2d 16, 21 (3d Cir. 1981) ("[I]gnorance of the law is not enough to invoke equitable tolling.").  Petitioner has not shown that he made any efforts to discover the deadlines for filing his PCR petition or his federal habeas petition after his attorney failed to provide him with this information.  Therefore, he has not shown reasonable diligence and is not entitled to equitable tolling.

### III.     CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim[s], a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Didiano v. Balicki*, Civil Action No. 09–2315 (FLW), 2010 WL 1752191, at *6-7 (Apr. 29, 2010) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, reasonable jurists would not find the Court's procedural ruling debatable. Accordingly, no certificate of appealability shall issue.

## IV.     CONCLUSION

For the reasons explained in this Memorandum Opinion, the Petition is untimely, and Petitioner has not established a valid basis for equitable tolling.  As such, the Court grants the motion to dismiss and dismisses the Petition as untimely.  The Court also declines to issue a certificate of appealability.  An appropriate Order follows.

May 19, 2025

_____
Hon. Madeline Cox Arleo, District Judge
United States District Court